PER CURIAM:
On May 19, 1987, at approximately 12:00, noon, claimant was driving on Route 61/5 when his vehicle struck a railroad spike located in the road. His vehicle, a 1984 GMC truck, sustained damages in the amount of $54.60. Claimant seeks an award for the damage done to the tire of his vehicle.
Claimant testified that he was travelling south on 61/5 enroute to his home. He was travelling at approximately 25 mph and stated that the road was wet, due to rain, previous to the accident. He explained that the highway is a one-land road, and he had to exit the travel portion of the road to permit oncoming vehicles to pass. As he left the road for an oncoming vehicle, his vehicle made contact with the railroad spike. Claimant alleges that the respondent had pulled ditches or graded the.road approximately a week prior to this accident and ... "threw up these gravel." Claimant's wife, Kathryn F. Sough, confirmed the testimony of claimant. In *109 addition, she stated that she, her husband, and her daughter picked up 25 spikes in the afternoon of the accident or perhaps the next day. She described the spikes as about six, maybe seven, inches in length. The State is neither an insurer or guarantor of the safety of motorists on its roads. Adkins vs. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order for the respondent to be found liable for the damage sustained, proof of actual or constructive notice of the defect must be shown. Since there was no proof in this case that respondent had notice of the defect, the claim must be denied.
Claim disallowed.